*Ireland & D., for appellants.*

---

### JOSEPH BAUMAN *v.* COMMONWEALTH.

**Homicide—Murder—Plea of Self-defense—Evidence—Instructions.**
> When the accused relies on a plea of self-defense and if there is any testimony tending to establish his plea, however slight, the court should give an instruction covering the law of self-defense.

**Reasonable Doubt—Jury Must Not Weigh the Evidence.**
> The jury have no right to weigh the evidence in a criminal case, and they have no right to weigh the testimony of any single witness. If they have a doubt as to the credibility of a witness this doubt must be resolved in favor of the accused.

APPEAL FROM JEFFERSON CIRCUIT COURT.

December 10, 1871.

OPINION OF THE COURT BY JUDGE PRYOR:

The testimony in this case both upon the part of the Commonwealth, and the accused, conduced to establish the fact that the accused and the two young men with him had been pursued by Fred Kennin and others, from the house where the dance took place, into the middle of the street; that Kennin had a large knife drawn and was evidently attempting and intending

to inflict upon some one of the party personal injury. What justification Kennin and his party had in making the pursuit is not proper to be either discussed or determined by this court. The deceased was at the dance, but not present when the pursuit commenced, but seems to have arrived shortly after, and as soon as he reached the street, where the accused was, the fight between him and the accused began. There is conflicting testimony as to which of the two struck the first blow, and whether or not the deceased joined Kennin and others in the effort to chastise or inflict punishment upon the accused and his companions, is for the jury alone to determine. The accused is relying for an acquittal, upon the ground that the killing was done in self defense. The court in the instructions given for the Commonwealth, and the accused, excluded altogether from the consideration of the jury, all that part of the difficulty occurring at the dance house, and up to the time the fight took place in the street. When the testimony tends to establish any available legal defense in a case like this, however slight, the law should be given as applicable to the facts, and the jury left to determine their existence, or in other words, what facts have been proven. The court below upon the facts proven, should have given instructions 2, 3 and 5 asked for, by defendants' counsel, viz: No. 2, "That in determining whether or not Bauman had reasonable grounds to believe himself in danger of great bodily harm, or of being killed, the jury should consider all the facts and circumstances proven in the case, from the beginning of the difficulty at the house up to the termination of the conflict with Snyder." 3, "That if the jury believe from the evidence that Bauman left the dance house and went into the street, for the purpose of avoiding the conflict, and that he and his companions were pursued by the crowd from the house into the street, and whilst in the street became enjoined in a combat with Snyder and that Snyder had driven him back to the wall or fence, and the crowd were pursuing and encouraging Snyder and crying out 'knock him down,' 'kill him, &c.,' and that from all the facts proven the accused had reasonable grounds to believe and did believe that he was in imminent danger of being killed, or of great bodily harm and to save himself from such danger stabbed and killed Snyder, they should find him not guilty, although the jury may not believe he was really in such danger." 5, "It devolves upon the Commonwealth to prove every

material fact necessary to make out the guilt of the accused, and if the jury entertain a reasonable doubt as to the existence of any material fact, necessary to constitute the accused guilty, they must acquit." The eighth instruction given by the court is not the law of the case; in this instruction the jury are told that if the accused did the killing, &c., he is guilty of manslaughter *unless they are satisfied the killing was done in self defense,* the accused is by this instruction made to prove his innocense, or his excuse for killing, beyond a reasonable doubt. If the jury believe that the accused did the killing, and have a reasonable doubt from the evidence as to whether it was done in self defense or not, they must acquit. · All doubts result in favor of the accused in a criminal prosecution. The 9th instruction given by the court is objectionable only, for the reason that the jury in passing upon the defense of the accused, are confined to the assault in the street and not required to consider all the facts from the time the difficulty commenced at the dance house until it terminated. The 12th instruction given by the court upon the propositions embraced in law, and in this instruction, the jury are told that *"they have no right to weigh* the evidence, and find a verdict of guilty upon a mere *preponderance of testimony, but in the 13th instruction the jury* are told *"that it is their duty to weigh all the evidence in the case* and that they are the exclusive judges of the credibility of the witnesses, and the *weight to which each witness* is entitled to." The jury have no right to weigh the evidence in .a criminal case, and they have no right to weigh the testimony of any single witness. They, of course, have the right to determine whether he is swearing falsely or telling the truth, but if they have a doubt as to the credibility of a witness, or as to the truth of any statement made by a witness, this doubt results in favor of the accused. To justify a verdict of guilty, the evidence must not only be sufficient to satisfy the jury of the guilt of the accused, but must be sufficient to exclude from their minds all reasonable doubt on that subject, 2 Met. page 34, June vs. Commonwealth. The court, as this case will have to be again tried, has seen proper to comment on the testimony only so far as to enable them to determine upon the propriety of the giving and refusing the instructions by the court below. For the errors herein indicated, the judgment of the court below is reversed

with directions to grant the accused a new trial, and for further proceedings not inconsistent with this opinion.

*Bramlette, for appellant.*